# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

EDWIN C. GRAY, SR,

      Plaintiff,

vs.

MICHAEL J. ASTRUE,

      Defendant.

No. C07-4067-MWB

**ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)**

_____

## I. INTRODUCTION AND BACKGROUND

On October 2, 2003, plaintiff Edwin Gray filed an application for Title II disability insurance benefits. Gray's application for benefits was denied initially and on reconsideration. An Administrative Law Judge ("ALJ") held a hearing, as requested, on Gray's claim on May 5, 2005. The ALJ issued a decision on November 22, 2005, which denied Gray's request for benefits. On June 15, 2007, the Appeals Council concluded that Gray was disabled, for a period of time, from December 1, 2000, through April 3, 2003. However, the Appeals Council found that Gray was not disabled during any other relevant period of time. The Appeals Council's decision was a final decision of the Commissioner of Social Security ("Commissioner").

On August 14, 2007, Gray filed a complaint in this court seeking review of the Commissioner's decision (docket no. 5)—the case was referred to Chief United States Magistrate Judge Paul A. Zoss for a report and recommendation, in accordance with Administrative Order #1447. On November 20, 2008, Judge Zoss issued a report and recommendation, which recommended that the undersigned affirm in part and reverse in

part the Commissioner's decision. Judge Zoss found that Gray was not disabled from April 4, 2003, through July 13, 2004, but that he was disabled from July 14, 2004, forward. The court accepted Judge Zoss's report and recommendation on January 20, 2009. *See* docket no. 28. That same day, a judgment was entered affirming in part and reversing in part the decision of the Commissioner.

On January 6, 2009, Gray filed his Application for Attorney's Fees (EAJA Fees) & for Expenses for Federal Court Work (docket no. 26), which the court denied, without prejudice, as premature. *See* docket no. 32. On March 24, 2009, Gray re-filed his Application for EAJA fees and expenses (docket no. 33), which asked the court to award Gray's attorney, Dennis J. Mahr, a total of $11,869.79 in fees—Gray asked for $10,166.79 in attorney fees and $1,695.00 in paralegal fees—and $155.33 in costs. *See id.* The Commissioner, though not contesting that EAJA fees and expenses should be awarded, objected to the amount of time for which Gray requested reimbursement and asked that the fee be reduced to a reasonable amount. *See* docket no. 34. On May 13, 2009, the court granted Gray's application for EAJA fees to the extent that it awarded $8,133.43[1] in Mahr's attorney fees, $1335.00[2] for paralegal fees, and the $155.33 requested for costs. *See* docket no. 35.

---

[1] The court reduced Mahr's attorney fees by 20 percent, as he had requested compensation for time spent on clerical tasks and other excessive and redundant tasks. *See* docket no. 35.

[2] The court reduced the paralegal fees for which Mahr requested reimbursement by 4.8 hours, or $360.00. *See* docket no. 35. Mahr performed a self-described experiment by hiring a contract attorney to draft his brief. Mahr claimed that he scrapped part of the contract attorney's work, and the court did not order reimbursement for the amount of time spent on the scrapped work.

On September 2, 2009, Gray filed his Attorney's Application for 42 U.S.C. § 406(b) Attorney's Fees (docket no. 38). Attached to this motion was Gray's Social Security Administration Notice of Award (docket no. 38-2) and two identical supplemental attorney fee contracts[3] from September 19, 2003 (docket nos. 38-3 and 38-4). In Gray's motion, Mahr seeks $9,910.50 in attorney fees under § 406(b), which Mahr claims have been withheld by the Social Security Administration. In support of this request, Mahr claims that, had this case been based on the hourly fee of $200—which Mahr claims is a reasonable rate—his fees would amount to $11,280.00. Mahr also notes that he hired an attorney to draft a portion of the initial brief in this case and paid her $1,695.00. Mahr recognizes that he would need to refund Gray the amount of the smaller of the two fees awarded under the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b).

On September 29, 2009, the Commissioner filed his Response to Plaintiff's Attorney's Application [] for Attorney Fees Under 42 U.S.C. § 406(b). Docket no. 41. First, the Commissioner claims that the smaller of the two fee amounts awarded to Mahr must be refunded to Gray, in order to prevent double-dipping. Second, the Commissioner claims that this court should determine whether Mahr's fee request is reasonable, while not using the "lodestar method where the number of hours reasonably devoted to each case is multiplied by the reasonable hourly fee." *See id*. Instead, the Commissioner argues that the court should look at whether Mahr's recovery would amount to a windfall and compare Mahr's normal hourly billing rate for non-contingent cases with his recovery in this case. *Id*. (citing *Rodriguez v. Bowen*, 865 F.2d 739, 741 (6th Cir. 1989)). Lastly, the

---

[3] On September 30, 2009, Gray filed his Supplement to Plaintiff's Attorney's Application for 42 U.S.C. § 406(b) Attorney's Fees (docket no. 42), which contained the original Attorney Fee Contract (docket no. 42-2) that Mahr had intended to file as docket no. 38-3.

Commissioner notes that this court reduced the fees Mahr could recover under the EAJA. As a result, the Commissioner argues that the court should determine the reasonable fee under § 406(b) by multiplying that reduced number of hours by the $200 per hour "reasonable rate" alleged by Mahr. Docket no. 41 (quoting fee contract, docket no. 38-4). This would result in a fee award of $9,504.00, rather than $9,910.50.

## II. LEGAL STANDARDS FOR FEES UNDER 42 U.S.C. § 406(b)

The standards for granting an award of attorney fees under § 406(b) are stated in the statute:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added). The "reasonable fee" standard is the ultimate focus in considering fee requests under § 406. A claimant's contingency fee agreement with his or her counsel, however, is also relevant:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements

> as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citations omitted). Thus, the court cannot enforce any agreement that provides fees exceeding twenty-five percent. *Id.* If a contingent-fee agreement provides for fees within the statutory ceiling of twenty-five percent, then the court must "review for reasonableness [the] fees yielded by those agreements." *Id.*

The statute does not create a presumption of reasonableness on the agreed amount, *Id.* at 807 n.17, and the burden is on the attorney for the successful claimant to "show that the fee sought is reasonable for the services rendered." *Id.* at 807. The attorney's recovery should be "based on the character of the representation and the results the representative achieved." *Id.* at 808. The court may take into consideration the timeliness of counsel's work, as well as the comparative difference between the amount of benefits received by the claimant and "the amount of time counsel spent on the case." *Id.* (noting attorney delay and windfalls would justify reductions below the contingent fee agreement amount); *see Mitchell v. Barnhart*, 376 F. Supp. 2d 916, 920-22 (S.D. Iowa 2005) (discussing whether an award under § 406(b) is a windfall). The court may require the claimant's attorney to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" in order to "aid . . . the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Id.*

Reasonableness must also be determined in the context of social security litigation, where contingent fees are required, *id.* at 806-07 ("[A]ny endeavor by the claimant's attorney . . . to charge the claimant a noncontingent fee, is a criminal offense.") (citing 42 U.S.C. § 406(b)(2); 20 C.F.R. § 404.1740(c)(2) (2001)), and where claimants are often unsuccessful. *See* Soc. Sec. Advisory Bd., Disability Decision Making: Data and Materials 91 (May 2006), *available at* http://ssab.gov/documents/chartbook.pdf (noting 5% of appeals to federal court allow benefits and 45% are remanded). Thus, there is a risk of nonpayment which alters what may normally be reasonable in a noncontingent context. *See Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at * 7 n.11 (E.D. Tex. July 22, 2004) (noting "[a] generous *de facto* hourly rate, among other things, reflects the contingent nature of the representation"). In addition, the court must be cognizant that fee awards should be substantial enough to encourage attorneys to accept social security cases in light of the nonpayment risk. But the court must also be cognizant of another competing policy concern: protecting the claimant's disability award. *See Gisbrecht*, 535 U.S. at 805 (noting the attorney fee comes "out of the amount of accrued benefits" so "that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees" (alteration in original) (internal quotations omitted)).

### III. LEGAL ANALYSIS

Mahr seeks $9,910.50 for attorney fees under 42 U.S.C. § 406(b), which is twenty-five percent of Gray's past-due benefits. *See* docket no. 38-2, p. 4 (Social Security Administration's Notice of Award). In support of this request, Mahr provides the court with the Attorney Fee Contract he and Gray signed on September 19, 2003, which states that Gray agrees to pay Mahr "the following legal fees: the lesser of 25% of the past-due benefits or up to $5,300.00, or such higher maximum as S.S. may later set as the

maximum dollar limit pursuant to 42 U.S.C. §§ 406(a)(2)(A) and 1383(d)(2)(A) of the Social Security Act." Docket no. 42-2. The Attorney Fee Contract does not further discuss the contingent fee percentage. Mahr also provides the court with a Supplemental Attorney Fee Contract, signed by Gray and Mahr on September 19, 2003. The supplemental contract provides that:

> I understand that my Attorney may request more than $5,300.00 or 25% of the past due benefits, provided that he submits a Petition to Obtain Approval of A Fee for the amounts exceeding the $5,300.00 regular maximum, if the total back benefits for me and my auxiliary claim(s) are anticipated to exceed $21,200.00. My Attorney may get a higher than normal fee ($5,300 or 25% of past due benefits), but only if the Social Security Administration approves his Petition for a higher than normal fee. I understand that an Administrative Law Judge may approve attorney's fees up to 25% of $21,200.00, or $5,300.00, and that for cases in which my back pay and the back pay of my wife and children, if any, exceed $21,200.00, that a Petition to Obtain Approval Of A Fee may have to be submitted to a Regional Chief Administrative Law Judge or other high Social Security official.

Docket no. 38-4. The supplemental contract also states, "I understand that any prior overpayments I may have received on claims made before I hired this attorney will not be deducted before the determination of the amount from which the 25% attorney's fee is to come." *Id*. Although these sections, mentioning a twenty-five percent fee in certain circumstances, do not anticipate an appeal to a United States District Court, the contract also states:

> In the event my claim is appealed to the United States District Court, the United States Court of Appeals or the United States Supreme Court, I agree to pay at the commencement of such a suit an additional $300.00 expenses for each such appeal, to

7

be used in obtaining assistance for my Attorney in doing
necessary legal research and brief writing[4] and to partially
reimburse him in advance for my expenses in each level of my
case(s).

*Id.* Here, the contract does not refer to the percentage at which Mahr will seek

compensation for fees on appeal. However, absent any challenge to this court applying

the twenty-five percent contingent fee mentioned throughout the contract, the court

assumes the contingent fee agreement provides that Mahr will receive twenty-five percent

of Gray's past due benefits.

The court may require the claimant's attorney to submit "a record of the hours spent

representing the claimant and a statement of the lawyer's normal hourly billing charge for

noncontingent-fee cases" in order to "aid . . . the court's assessment of the reasonableness

of the fee yielded by the fee agreement." *Gisbrecht*, 535 U.S. at 807. Mahr does not

provide the court, with his motion for § 406(b) fees, an itemization of the time he spent

on this case. However, Mahr refers the court to his Attorney's Time Schedule ("time

schedule") (docket no. 33-3), which he filed with his application for EAJA fees—the

Commissioner argues that this court, when considering the amount of time Mahr spent on

---

[4] "In case of any such judgment [awarding fees under § 406(b)], no other fee may
be payable or certified for payment for such representation." 42 U.S.C. 406(b)(1)(A).
"Any attorney who charges, demands, receives, or collects for services rendered in
connection with proceedings before a court to which paragraph (1) of this subsection is
applicable any amount in excess of that allowed by the court thereunder shall be guilty of
a misdemeanor and upon conviction thereof shall be subject to a fine of not more than
$500, or imprisonment for not more than one year, or both." 42 U.S.C. § 406(b)(2); *see
also Gisbrecht*, 535 U.S. at 806-07, 122 S.Ct. at 1828-29 ("By contrast, § 406(b) governs
the total fee a claimant's attorney may receive for court representation; any endeavor by
the claimant's attorney to gain more than that fee, or to charge the claimant a
noncontingent fee, is a criminal offense.") (citing 42 U.S.C. § 406(b)(2); 20 C.F.R. § §
404.1740(c)(2) (2001)).

the case, should consider Mahr's hours as reduced by this court in its Order Regarding Plaintiff's Application for Attorney Fees Under the EAJA. *See* docket no. 35. Mahr's time schedule reflects that he spent 59.4 hours on the case, while this court found that he properly billed for only 47.52 hours in its EAJA order. If the court considers the time schedule's 59.4 hour figure, Mahr's average hourly rate is $166.84. If the court factors in the reduced hour figure from its EAJA order, 47.52 hours, Mahr's average hourly rate is $208.55.

The Commissioner argues that any award that reflects an average hourly fee of over $200.00 is unreasonable. *See* docket no. 41 ("Reducing [Gray's] past due benefits by an amount in excess of the 'reasonable rate' appears unreasonable.") (quoting docket no. 38-4). Thus, the Commissioner seeks a reduction of Mahr's requested amount of $9,910.50, by $406.50[5]. The court recognizes that it reduced the amount it awarded, relative to the amount Mahr requested, in EAJA fees. *See* docket no. 35. The court is equally mindful of the fact that Mahr has supported his current § 406(b) fee request with same number of hours that the court previously found included clerical tasks and other excessive and redundant tasks. The court, also, does not overlook Mahr's decision to point out that he had hired an attorney to draft a portion of his brief and paid her $1,695.00, even though this court has already refused to reimburse Mahr for the whole fee.

Notwithstanding Mahr's decision to request § 406(b) fees based, in part, on time that the court found—in no uncertain terms—was improperly billed, the court concludes that Mahr has met his burden to show that his request for $9,910.50 is reasonable and will grant Mahr's request in full. Even when taking into account the fact that Mahr only

---

[5] The Commissioner multiplies 47.52 hours by the rate of $200 per hour, and asks the court to award $9,504.00, rather than $9,910.50.

appropriately billed 47.52 hours for this case, his average hourly rate would be $208.55. His attorney fee contract states that his typical hourly rate is $200 per hour, and the court recognizes that the need to encourage attorneys to take on the risk of contingent representation in this area often justifies a larger award than would have been obtained at the attorney's average hourly rate. Mahr also used the services of a contract attorney, which further reduces the amount of compensation he will receive per hour. In addition, Mahr's recovery is certainly not a windfall, and the record lacks any evidence of attorney delay. *Gisbrecht*, 535 U.S. at 808 (noting attorney delay and windfalls would justify reductions below the contingent fee agreement amount).

As the parties recognize, Mahr's award of $9,910.50 comes out of Gray's benefits, but counsel is required to refund his client the $9,468.43 this court awarded in EAJA attorney fees. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [the EAJA and § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183)). Therefore, claimant's benefits are not as reduced as they appear.

## IV. CONCLUSION

Gray's Attorney's Application for 42 U.S.C. § 406(b) Attorney's Fees is **granted**. The court orders the payment of **$9,910.50** in attorney fees under 42 U.S.C. § 406(b). As a result, counsel must refund his client the EAJA attorney fees the court awarded in the amount of $9,468.43.

**IT IS SO ORDERED.**

**DATED** this 13th day of October, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA